187 So.2d 461 (1966)
STATE of Louisiana
v.
Ralph MILLER.
No. 2302.
Court of Appeal of Louisiana, Fourth Circuit.
June 6, 1966.
*462 Louis DeSonier, Jr., Parish Atty., Bruce D. Burglass, Asst. Parish Atty., for plaintiff-appellee.
James F. Quaid, Jr., New Orleans, for defendant-appellant.
Before McBRIDE, REGAN and YARRUT, JJ.
REGAN, Judge.
The defendant, Ralph Miller, was arrested and charged in the Juvenile Court by the Jefferson Parish Sheriff's Office with the violation of a curfew ordinance and an ordinance[1] prohibiting the monitoring of the radio frequency used by the sheriff.
The defendant filed a motion to quash the charge under the Anti-monitoring Ordinance, Section 12-21.1 of the Code of Jefferson Parish, predicated on the contention that it violates several provisions of the Federal and State Constitutions. In addition thereto, he filed a motion to suppress certain evidence for the reason that it was obtained without a search warrant and was not incidental to a lawful arrest.
After a trial on the merits, the lower court found the defendant not guilty of the curfew violation, but concluded that he was guilty of violating the ordinance prohibiting the monitoring of the radio "frequency" or wave length used by the sheriff's office. From that judgment, the defendant has prosecuted this appeal.
In this court, the defendant reiterates the arguments advanced in the lower court and additionally asserts that the evidence adduced herein is not sufficient to sustain a finding of guilty.
Our analysis of the record reveals that a discussion of the constitutional questions posed for our consideration by the defendant is unnecessary, in view of the fact that we are of the opinion that the record does not contain evidence upon which to base a finding of guilty.
The record discloses that on December 11, 1965, the defendant was departing from a dance hall located in Jefferson Parish when a police officer in attendance, who, significantly, was not requested to testify herein, informed two other officers that the defendant's automobile was equipped with a radio receiver capable of monitoring radio communications emanating from the sheriff's office. These two officers followed *463 the defendant, who was accompanied by several other young people, and when they had overtaken him, he was ordered to drive to the side of the roadway and stop.
These officers admitted at the trial hereof that the radio was not in working order when the defendant was accosted, however, they ordered him to connect several wires which were hanging loose from the receiver.
In order to connect these wires, the sheriff's deputies offered the defendant the use of one of their flashlights, and when the connections were completed, the radio was capable of receiving calls from the sheriff's office. Thereupon, the defendant was arrested and subsequently charged with violation of the Anti-monitoring Ordinance.
It is quite obvious that the forced monitoring of a radio frequency used by the sheriff at the instigation of two deputies does not provide a legal basis for a conviction of the defendant under the ordinance.
The only other evidence upon which the lower court may have based its judgment was the testimony of one of the arresting deputies to the effect that he heard police calls emanating from the defendant's automobile as it departed from the site of the dance. This testimony, however, is directly contradicted by the statements of two of the passengers in the defendant's automobile who unequivocally asserted that the receiver was not in operation. Their testimony is additionally corroborated by the owner of the radio receiver, who related that after purchasing it in the City of New Orleans, he installed it in the defendant's vehicle to test it, but subsequently disconnected the wires therefrom in order to prevent ultimate damage to the radio because of a malfunction therein.
In view of the foregoing facts, we are convinced that the record does not contain sufficient evidence upon which to predicate a finding that the defendant was guilty of violating the anti-monitoring ordinance.
For the foregoing reasons, the judgment of the lower court is reversed, and the defendant's conviction is hereby set aside and annulled.
Reversed.
NOTES
[1] "Sec. 12-21.1. SameMonitoring, using certain radio frequencies.

(a) Definitions.
(1) The word `person' includes the singular and plural and it shall also mean and include any person, firm, corporation, partnership, association, society or other organization.
(2) `Frequency' means that frequency or wave length which is used by the sheriff's office in and for the parish.
(b) Monitoring. It shall be unlawful for any person to monitor the radio frequency of signals of the office of the sheriff in and for the Parish of Jefferson, State of Louisiana.
(c) Answering police radio calls. It shall be unlawful for any person to follow up or answer police radio calls or to in any way, interfere with the sheriff or his deputies, by answering the radio calls on his frequency.
(d) Penalties. Any person who violates any provision of this section shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine of not more than one hundred dollars ($100.00) or imprisoned for not more than thirty (30) days, or both.
(e) Applicability. The provisions of this section shall not apply to the employees of the federal or state governments or to those person (sic) who have the written consent of the sheriff. (Ord. No. 5730, §§ 1-5, 9-13-62)"